UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JANET HAACK,

      Plaintiff,

Case No. 10-10763

-vs-

HON. AVERN COHN

HOME DEPOT U.S.A., INC.,

      Defendant.

_____/

## MEMORANDUM AND ORDER DENYING PLAINTIFF'S AND DEFENDANT'S MOTIONS FOR SUMMARY JUDGMENT

## I. INTRODUCTION

This is a premises liability action that was removed to federal court based on diversity jurisdiction.  Plaintiff Janet Haack (Haack) claims defendant Home Depot, Inc. (Home Depot) negligently failed to maintain its premises and failed to warn Haack of hazardous conditions on its premises, resulting in Haack being struck by a piece of drywall.

Haack says because it is more likely than not that a Home Depot employee left the dry wall unattended in the return aisle of the store, Home Depot breached its duty to keep the store aisles safe for known dangers.  Alternatively, Haack says even if a Home Depot employee did not leave the dry wall in the aisle, Home Depot breached its duty to Haack because an employee should have noticed the dry wall and removed it.  Thus, Haack says Home Depot is liable for her injuries.

Home Depot says it is not liable because a Home Depot employee did not have actual notice of the drywall, nor should it have known that the drywall was there in order to remove it.  Thus, Home Depot says it did not owe a duty to Haack.

Now before the Court is Haack's and Home Depot's motions for summary judgment.  For the reasons that follow, both motions will be denied.

## II.  FACTS

The facts, which follow, are from the parties' papers and exhibits.

On December 27, 2007, Haack visited a Home Depot store in Burton, MI to make a purchase.  Haack walked into the store and after walking four to five steps paused for a 10 second break near the returns counter.  As she stood at the counter, at approximately 4:10pm, Haack was struck by a half inch thick sheet of drywall, eight feet long and four feet high, that was leaning on a kiosk used for prospective Home Depot employees and located behind where Haack was standing.[1]  Both Haack and Home Depot agree the drywall was knocked over onto Haack by a gust of wind when the store doors opened.

Nancy Crist (Crist), a Home Depot employee, was working at the returns counter at the time of the incident.  Crist testified in a deposition that she did not see the drywall when she started her shift at 3:30pm.  Crist also testified that she did not see or process a return for the drywall during her shift, between 3:30pm and 4:10pm.  Haack and Home Depot agree that neither Haack nor any Home Depot employee observed the drywall prior to Haack's incident.

---

[1]At a November 17, 2010 motion hearing, Haack's attorney approximated that the dry wall weighed forty pounds.

### III.  STANDARD OF REVIEW

Summary judgment is appropriate where the moving party demonstrates that there is no genuine issue of material fact as to the existence of an essential element of the nonmoving party's case on which the nonmoving party would bear the burden of proving at trial.  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  When a motion for summary judgment is properly made and supported, an opposing party must set out specific facts showing a genuine issue for trial.  Fed. R. Civ. P. 56(e).  All facts and inferences should be viewed in the light most favorable to the nonmoving party.  Adickes v. S.H. Kress & Co., 398 U.S. 144, 158–59 (1970).

### IV.  THE LAW

#### A.

Haack is a Michigan resident and Home Depot is incorporated in Delaware with a principal place of business in Georgia.  Thus, because this is a diversity case, the Court applies "state law in accordance with the controlling decisions of the state supreme court."  Debusscher v. Sam's East, Inc., 505 F.3d 475, 479 (6th Cir. 2007).

#### B.

Under Michigan law, "a prima facie case of premises liability negligence requires plaintiff to set forth four elements: duty, breach of that duty, causation, and damages."  Fultz v. Union-Commerce Assocs., 470 Mich. 460, 463 (2004).  Further, "[a] premises owner has a duty to exercise reasonable care to protect invitees from unreasonable risks of harm caused by a dangerous condition on the premises."  Hunley v. Dupont Automotive, 341 F.3d 491, 497 (6th Cir. 2003) (citing Williams v. Cunningham Drug

<u>Stores, Inc.</u>, 429 Mich. 495, 500 (1988)).  "The owner's duty is not absolute, however."

<u>Id.</u>  The duty "does not extend to conditions from which an unreasonable risk cannot be

anticipated."  <u>Id.</u>

Particularly, "[a] premises owner has a duty to warn invitees only of known

dangers, or dangers that should have been known through the exercise of reasonable

care, which the premises owner understands or should have understood would pose an

unreasonable risk."  <u>Id.</u> (citing <u>Bertrand v. Alan Ford, Inc.</u>, 449 Mich. 606, 609 (1995)).

The court determines whether a premises owner should have known of an

unreasonable risk by evaluating whether the condition "is of such a character or has

existed a sufficient length of time" that the owner should have been alerted.  <u>Serinto v.</u>

<u>Borman Food Stores</u>, 380 Mich. 637, 640 (1968) (<u>see also</u> <u>Barnes v. Kmart, Corp.</u>, No.

07-14414, 2008 WL 5422824, at *4 (E.D. Mich. Dec. 30, 2008) (holding in favor of

defendant on summary judgment motion where plaintiff slipped on puddle of water, but

could not prove defendant had constructive notice due the fact that puddle was small in

size and difficult to see).

**V. ANALYSIS**

A.

Haack first argues that Home Depot is liable because it is "more likely than not"

that a Home Depot employee created the unsafe condition because there is no record

of a drywall return during the incident timeframe.  However, Haack proffers no evidence

to support this claim.  Also, the record is silent as to how the drywall came to rest

against the kiosk and both parties agree that they are not aware of who put it there.

Thus, Haack's assertion is pure speculation and, without more, is insufficient to survive summary judgment.

Next, Haack says that even if a Home Depot employee did not leave the dry wall in the aisle, due to the character of the drywall, Home Depot owed a duty to Haack. In other words, Haack says an employee should have noticed the dry wall and removed it. Haack is correct.

As stated, the drywall that caused Haack's injuries was a half inch thick, eight feet long, and four feet high. The drywall was propped up against a kiosk ordinarily reserved for potential Home Depot employees, just outside but in the view of the returns area where Haack was standing and Crist was working.

Thus, because the drywall was an inherently conspicuous object given its size, was out of its ordinary place in the store, and likely required two people to handle, the drywall was "of such a character" that Home Depot had a duty to Haack and should have noticed the hazard. <u>See</u> <u>Serinto</u>, <u>supra</u>, at 486; <u>see also</u> <u>Barnes</u>, <u>supra</u>, at *4. Home Depot is not entitled to summary judgment.

B.

Haack also argues that she is entitled to summary judgment. Outside of establishing that Home Depot owed a duty to Haack, however, Haack has not set forth arguments sufficient to establish the essential elements of premises liability: breach, causation, and damages. <u>Fultz</u>, <u>supra</u>. The Court is not persuaded that all the elements have been met such that Haack is entitled to summary judgment. Thus, the case must go forward to trial.

## VI.  CONCLUSION

For the reasons stated above, Home Depot's and Haack's motions for summary

judgment are each DENIED.

SO ORDERED.


 S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE


Dated:  November 19, 2010


I hereby certify that a copy of the foregoing document was mailed to the attorneys of
record on this date, November 19, 2010, by electronic and/or ordinary mail.


 S/Julie Owens
Case Manager, (313) 234-5160